J. Nelson Thomas (to be admitted *pro hac vice*)
Michael J. Lingle (to be admitted *pro hac vice*)
Jessica L. Lukasiewicz (to be admitted *pro hac vice*)
Jonathan W. Ferris (to be admitted *pro hac vice*)
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, New York 14607
T: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
jlukasiewicz@theemploymentattorneys.com
jferris@theemploymentattorneys.com

Deborah A. Ferguson, ISB No. 5333
Craig H. Durham, ISB No. 6428
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
T: (208) 345-5183
F;(208) 906-8663
daf@fergusondurham.com
chd@fergusondurham.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| JACI HUTTO AND JENNIFER MELNYK, i*ndividually and as representatives of the class,*<br><br>*Plaintiffs,*<br><br>v.<br><br>ALBERTSONS COMPANIES, INC., ALBERTSON'S LLC, ALBERTSONS COMPANIES, LLC, NEW ALBERTSONS L.P., ALBERTSONS STORES SUB HOLDINGS, LLC, AB ACQUISITION LLC, AB MANAGEMENT SERVICES CORP., AMERICAN FOOD AND DRUG LLC, INK HOLDINGS, LLC, AND ALBERTSON'S HOLDINGS LLC,<br><br>*Defendants.* | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Case No.<br>_____ |

Jaci Hutto and Jennifer Melnyk, on behalf of themselves and the class set forth below ("Plaintiffs"), by and through their attorneys Thomas & Solomon, LLP and Ferguson Durham, PLLC, bring this class action complaint against Albertsons Companies, Inc., Albertson's LLC, Albertsons Companies, LLC, New Albertsons L.P., Albertsons Stores Sub Holdings, LLC, AB Acquisition LLC, AB Management Services Corp., American Food and Drug LLC, Ink Holdings, LLC, and Albertson's Holdings LLC ("Defendants" or "Albertsons").

**INTRODUCTION**

1. This putative class action is brought pursuant to the Fair Credit Reporting Act ("FCRA"). Defendants routinely violated the FCRA's core protections by procuring or causing to be procured consumer and/or investigative consumer reports, as those terms are defined by the FCRA (herein referred to collectively as "background report(s)" or "consumer report(s)"), on employees and job applicants without making a legally required stand-alone disclosure.

2. Using the services of a third party, Defendants routinely obtain and rely on the information in the consumer report to evaluate prospective and current employees.

3. Given the determinative role that consumer reports can play regarding an applicant's employment prospects, employers are required to ensure that all applicants are aware of the employer's intention to procure a background check.

4. Specifically, the FCRA provides that an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless…a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured,

*in a document that consists solely of the disclosure,* that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

5. Pursuant to the FCRA, applicants have a right to both obtain a copy of their consumer reports and to have errors in their reports corrected. *See* 15 U.S.C. §§ 1681g, 1681i. In order for applicants to exercise those rights, it is essential that consumers are aware that a report is going to be procured so that, if they choose, they can request a copy of the report to proactively ensure that it does not contain any errors.

6. Courts have held that the FCRA contains a narrow exception allowing only for an authorization for the procurement of the consumer report. Inclusion of any additional information is a willful violation of the FCRA. *See Syed v. M-I, LLC*, 853 F.3d 492, 501 (9th Cir. 2017).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question.

8. Venue is proper in this District because Defendants have stores in this District, Defendants transact business in this District, Plaintiff Melnyk applied for a jobs in this District, a substantial part of the events or omissions giving rise to the claims took place in this District (and specifically, completing Defendants' employment applications in this District), and Plaintiff Melnyk lived and worked for Defendants in this District.

9. Additionally, venue is proper in this District because each of the Defendants maintain their corporate headquarters in this District.

## PARTIES

*Plaintiffs*

*Jennifer Melnyk*

10. Plaintiff Jennifer Melnyk is a resident of Boise, Idaho.

11. In or about January 2019, Ms. Melnyk applied to work at Albertsons through their standard online application.

12. Shortly thereafter, Ms. Melynk began working as a cashier for Albertsons.

13. Ms. Melnyk completed Defendants' job application process within this District.

14. Ms. Melnyk worked for Albertsons within the District of Idaho.

*Jaci Hutto*

15. In or about August 2019, Plaintiff Jaci Hutto applied to work at Albertsons through their standard online application.

16. Shortly thereafter, Ms. Hutto began working for Albertsons as a cashier.

*Defendants*

17. Defendants operate over 400 grocery store locations operating throughout the United States.

18. Defendants utilize a common, uniform job application for all of their stores and banners.

19. Defendant Albertsons Companies, Inc. is a Delaware corporation with a principal place of business of Boise, Idaho.

20. Defendants Albertson's Stores Sub Holdings LLC, AB Management Services Corp., Albertson's LLC, American Food and Drug LLC, and Ink Holdings, LLC, are all subsidiaries of Albertsons Companies, Inc.

21. Defendant Albertson's LLC is a Delaware limited liability company with a principal place of business of Boise, Idaho.

22. Defendant Albertsons Companies, LLC is a Delaware limited liability corporation with a principal place of business of Boise, Idaho.

23. Defendant New Albertsons, L.P. is a Delaware corporation with a principal place of business of Boise, Idaho.

24. Defendant Albertsons Holding, LLC is a Delaware limited liability corporation with a principal place of business of Boise, Idaho.

25. Defendant Albertson's Stores Sub Holdings LLC is a Delaware limited liability corporation with a principal place of business of Boise, Idaho.

26. Defendant AB Acquisition LLC is a Delaware limited liability corporation with a principal place of business of Boise, Idaho.

27. Defendant AB Management Services Corp. is a Delaware corporation with a principal place of business of Boise, Idaho.

28. Defendant American Food and Drug LLC is a Delaware limited liability company with a principal place of business of Boise, Idaho.

29. Defendant Ink Holdings, LLC is a Delaware limited liability company with a principal place of business of Boise, Idaho.

30. Defendants constitute an integrated enterprise employing thousands of employees.

31. At all times mentioned herein, each named Defendant was the employee, agent or representative of each other Defendant and was acting with the knowledge and consent of each other Defendant and within the purpose and scope of such employment, agency or

representation in doing or failing to do the acts alleged in this Complaint. Further, each Defendant has ratified and approved the acts of its agents.

32. Defendants jointly employed the Plaintiffs.

33. Defendants oversee the hiring process of all of their locations and request background checks on behalf of potential employees, including Plaintiffs Hutto and Melynk.

## FACTS

### *Defendants Failure To Make A Proper Disclosure In Violation Of The FCRA*

34. Plaintiffs Hutto and Melnyk completed Defendants' standard electronic documents relating to their anticipated employment, including an electronic authorization to conduct a background check.

35. Defendants' online authorization causes a background check to be procured by a third-party company.

36. Defendants' background check authorization contains liability release language stating:

> . . . . I release all parties and persons, including the Company, from any and all liability for any damages for seeking or providing this information, consistent with local, state, and federal law.

37. The inclusion of the release provisions in connection with the background disclosure violates the FCRA.

38. At the bottom of the page, an applicant must agree to the background check authorization.

39. In completing Defendants' documentation, Plaintiffs Hutto and Melnyk chose that they agreed to the background check.

40. Defendants' online documentation and authorization fails to include a clear and conspicuous disclosure, in a document consisting solely of the disclosure, that Defendants would cause a consumer report to be procured.

41. By including a release with the disclosure, Defendants willfully disregarded this regulatory guidance and violated 15 U.S.C. § 1681b(b)(2)(A)(i).

42. As such, Plaintiffs Hutto and Melnyk were misled as to the nature and purpose of their consent and their rights.

43. Despite their failure to provide applicants, including Plaintiffs Hutto and Melynk, with the required stand-alone disclosures, Defendants subsequently procured a consumer report, or caused a consumer report to be procured on Plaintiffs Hutto and Melynk.

44. Pursuant to the FCRA, applicants have a right to both obtain a copy of their consumer reports and to have errors in their reports corrected. See 15 U.S.C. §§ 1681g, 1681i. In order for applicants to exercise those rights, it is essential that consumers are aware that a report is going to be procured so that, if they choose, they can request a copy of the report to proactively ensure that it does not contain any errors.

45. Not aware of their ability to do so, Plaintiffs Hutto and Melnyk did not request a copy of the consumer report that was procured by Defendants.

46. Plaintiffs Hutto and Melnyk did not understand and/or were confused by Defendants' online disclosure forms because they were not limited to the information required by the stand-alone disclosure requirement.

47. Defendants' background check authorization disclosure contains numerous extraneous provisions.

48. For example, the disclosure contains several additional paragraphs of information regarding various state laws and use of public records pending an investigation of suspicion of wrongdoing.

49. Additionally, Defendants' disclosure includes a "Certification and Release Statement" section which includes a release of liability waiver. The applicant's certification of agreement with the Certification and Release Statement section appears on the same page as the background disclosure section.

50. Despite their failure to provide applicants, including Plaintiffs Hutto and Melnyk, with the required stand-alone disclosure, Defendants subsequently procured a consumer report, or caused a consumer report to be procured on Plaintiffs and the Class.

51. Thus, Defendants willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring a consumer report, or causing a consumer report to be procured on Plaintiffs, including Plaintiffs Hutto and Melnyk, for employment purposes without first providing a clear and conspicuous written disclosure, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes.

52. Plaintiffs suffered a concrete informational injury because Defendants failed to provide Plaintiffs with information to which they were entitled by statute—a stand-alone FCRA disclosure form.

53. Additionally, as a result of Defendants' violation, Plaintiffs Hutto and Melnyk were not only misled by Defendants, but they were subject to a significant invasion of privacy that could jeopardize their personal reputation as well as their financial well-being. By procuring consumer reports containing Plaintiffs' private information without first

complying with the FCRA's disclosure requirements, Defendants illegally invaded Plaintiffs' rights to privacy.

***Facts Relating to Defendants' Willful, Systematic and Repeated FCRA Disclosure Violation***

54. Similar to Plaintiffs Hutto and Melnyk, Defendants, through the services of a third party, conducts background checks on other job applicants as part of its standard screening process.

55. Defendants rely on consumer reporting agencies to obtain this information and report it. These reports constitute "consumer reports" for purposes of the FCRA.

56. The online documentation completed by applicants does not contain a clear and conspicuous written disclosure to the consumer, in a document that consists solely of the disclosure, that a consumer report may be obtained by Defendants for employment purposes, but Defendants routinely request and procure reports from a third party about applicants and employees in spite of this fact.

57. For example, the documentation includes a liability waiver in the disclosure form.

58. The language of the FCRA with respect to the stand-alone disclosure requirement is clear. *See* 15 U.S.C. § 1681b(b)(2)(A)(i).

59. The Federal Trade Commission ("FTC") confirms that "[t]he inclusion of such a [liability] waiver in a disclosure form will violate [the FCRA], which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes." *See* **Exhibit A**.

60. Further, courts have routinely confirmed that the failure to include the stand-alone disclosure is a violation of the protection afforded to employees under the FCRA. *Syed,*

853 F.3d at 496, 500 (holding the inclusion of a liability waiver on the same document as the FCRA disclosure violates the statute "in light of the clear statutory language that the disclosure document must consist 'solely' of the disclosure"); *Gilberg v. Cal. Check Cashing Stores, LLC,* 913 F.3d 1169, 1175 (9th Cir. 2019) (holding the inclusion of state specific disclosures on the same document as the FCRA disclosure violates the statute).

61. By systematically inserting a liability release, Defendants' willfully violated 15 U.S.C. § 1681b(b)(2)(A).

## **CLASS ACTION ALLEGATIONS**

62. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23").

63. The class is defined as follows: all of Albertsons' current, former, and prospective applicants for employment in the United States who were the subject of a consumer report that was procured or caused to be procured by Albertsons without proper disclosure, during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

64. Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses and/or by limitation to particular issues.

65. The class action is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

66. Numerosity is met because the Class size is believed to be over 40 members. Defendants regularly have consumer reports procured by a third party in order to evaluate employees and job applicants. Further, Defendants use the information in the consumer

reports to evaluate employees and job applicants. The size and scale of Defendants' operations ensures that the number of members in the class will be in the thousands. The names and addresses of the Class members are available from Defendants' records.

67. Common issues of law and fact exist as to all members of the Classes. The Plaintiffs and the Class members were all individuals who applied to work for Defendants and a background check was procured by a third party at the request of Defendants. The common issues of law and fact also include the following:

- Whether Defendants obtained or caused to be procured background checks on employees and job applicants;
- Whether Defendants violated the FCRA by causing consumer reports to be procured without providing the proper disclosure;
- Whether Defendants' violations of the FCRA were willful;
- The proper measure of statutory and punitive damages; and
- The proper form of declaratory relief.

68. These common questions of law and fact also predominate over any questions affecting only individual members.

69. Plaintiffs' claims are typical of the claims of other members of the Class because the FCRA violations suffered by Plaintiffs Hutto and Melnyk are typical of that suffered by other Class members, and Defendants treated Plaintiffs Hutto and Melnyk consistent with other Class members in accordance with their standard policies and procedures.

70. Plaintiffs Hutto and Melnyk are able to fairly and adequately represent the interests of the Class and have no interest antagonistic to the Class.

71. Class Counsel, Thomas & Solomon LLP and Ferguson Durham PLLC, are qualified and able to litigate the Plaintiffs' and Class members' claims.

72. Class Counsel is well experienced in both employment and class action cases.

73. This class action is also maintainable under subsection (3) of Rule 23(b) because questions of law or fact common to Class members (*see supra* ¶ 67) predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy

74. Alternatively, the questions of law and fact common to the class may be certified for class action treatment separately from any questions affecting only individual members under Rule 23(c)(4) because resolution of those common questions will significantly advance the litigation.

**CAUSE OF ACTION**
***Defendants Violated the FCRA by Causing Consumer Reports to be Procured Without First Making a Proper Disclosure***
**15 U.S.C. § 1681b(b)(2)(A)(i)**
**(On behalf of Plaintiffs individually and the Class)**

75. Plaintiffs Hutto and Melnyk hereby re-allege and incorporate the allegations set forth above.

76. Defendants violated the FCRA by procuring or causing consumer reports to be procured on Plaintiffs Hutto and Melnyk and other Class members without making the required disclosure. *See* 15 U.S.C. § 1681b(b)(2)(A)(i).

77. Defendants' conduct in violation of Section 1681(b)(2)(A) of the FCRA was and is willful.

78. Defendants' willful conduct is reflected by the above paragraphs as well as the following:

    a. Defendants are large corporations with access to legal advice;

    b. Defendants conduct is inconsistent with the Federal Trade Commission's longstanding regulatory guidance, judicial

        interpretation, and the plain language of the statute; *see* Exhibit A; *see also Syed,* 853 F.3d at 500–01; *Gilberg,* 913 F.3d at 1175–76; and

    c.    Despite the plain statutory text and there being a depth of guidance, Defendants adopted a policy of having consumer reports procured on their employees and job applicants without properly disclosing to them that the reports will be procured on them.

79.    In the alternative to Plaintiffs' allegation that these violations were willful, Plaintiffs allege that the violations were negligent and seek the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

80.    Plaintiffs Hutto, Melnyk, and the Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

81.    Plaintiffs Hutto, Melnyk, and the Class members are entitled to punitive damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

82.    Plaintiffs Hutto, Melnyk, and Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**WHEREFORE,** Plaintiffs Hutto and Melynk, on behalf of themselves and the Class, pray for relief as follows:

(a)    Determining that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)    Designating Hutto and Melnyk as class representatives;

(c)    Awarding class representatives Hutto and Melnyk service payments;

(d)    Designating Thomas & Solomon LLP and Ferguson Durham PLLC as Plaintiffs' and Class members' counsel;

(e)    Declaring that Defendants violated the FCRA;

(f)    Issuing proper notice of the class at Defendants' expense;

(g) Declaring that Defendants acted willfully in deliberate or reckless disregard of Plaintiffs' rights and Defendants' obligations under the FCRA;

(h) Awarding statutory damages and punitive damages as provided by the FCRA;

(i) Awarding reasonable attorneys' fees and costs as provided by the FCRA;

(j) Such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact in accordance with Federal Rule of Civil Procedure 38(b).

Dated: October 24, 2019

**FERGUSON DURHAM, PLLC**

By: /s/ Deborah A. Ferguson
_____

Deborah A. Ferguson
Craig H. Durham

**THOMAS & SOLOMON LLP**

J. Nelson Thomas, Esq. (all to be admitted *pro hac vice*)
Michael J. Lingle, Esq.
Jessica L. Lukasiewicz, Esq.
Jonathan W. Ferris, Esq.
*Attorneys for Plaintiffs*