# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACI HUTTO and JENNIFER MELNYK, *individually and as representatives of the class*,<br><br>Plaintiffs,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC., ALBERTSON'S LLC, ALBERTSONS COMPANIES, LLC, NEW ALBERTSONS, L.P., ALBERTSONS STORES SUB HOLDINGS, LLC, AB ACQUISITION LLC, AB MANAGEMENT SERVICES CORP., AMERICAN FOOD AND DRUG LLC, INK HOLDINGS, LLC, and ALBERTSON'S HOLDINGS LLC,<br><br>Defendants. | Case No. 3:20-cv-07541-MMC<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARDS** |

BEFORE THE COURT are Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and Class Representative Service Awards, submitted by Class Representatives Jaci Hutto and Jennifer Melnyk ("Plaintiffs" or "Class Representatives"), individually, and on behalf of all Settlement Class Members pursuant to Federal Rule of Civil Procedure 23. Dkt. Nos. 48, 50. A Final Fairness Hearing was held on June 11, 2021.

The Court, having considered both Motions, the submissions of the Parties relating to the proposed Settlement, any objections, the arguments of counsel at the Final Fairness Hearing as well as the pleadings and papers on file herein, is of the opinion that the Motion for Final Approval of Class Action Settlement should be granted, and that the Motion for Attorneys' Fees, Costs, and Class Representative Service Awards should be granted as to attorneys' fees and costs and granted in part as to Class Representative service awards.

It is therefore ORDERED that Plaintiffs' Motion for Final Approval of Class Action Settlement is GRANTED and that Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Service Awards is GRANTED IN PART and DENIED IN PART. Accordingly, it is further ORDERED as follows, and the Court makes the findings set forth below:

1. <u>Settlement Agreement.</u>"The Class Action Settlement Agreement" ("Agreement") that was submitted with the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 38); the Exhibits to the Agreement as revised in Dkt. No. 44; and the definitions of words and terms contained in the Agreement are incorporated in this Order.

2. <u>Preliminary Approval Order.</u> On February 19, 2021, this Court entered an Order Granting Plaintiffs' Motion for Preliminary Approval of Class Settlement, Conditional Certification of Settlement Class, and Approval of Proposed Notice to Settlement Class (Docket Entry No. 47) ("Preliminary Approval Order"). The Agreement was preliminarily approved, pending the Final Fairness Hearing. The Court also (a) conditionally certified the Settlement Class for settlement purposes; (b)

approved the form of and method of distribution of the Settlement Notice and Claim Form to the Settlement Class; (c) appointed Jaci Hutto and Jennifer Melnyk as Class Representative for the Settlement Class; (d) appointed Jessica L. Lukasiewicz and Jonathan W. Ferris of THOMAS & SOLOMON LLP as Class Counsel for the Settlement Class; and (e) appointed American Legal Claims Services, LLC, as the Claims Administrator. The terms of and findings made in the Preliminary Approval Order are adopted and incorporated into this Order.

3. <u>Final Class Certification for Settlement Purposes.</u> Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court finally certifies, for settlement purposes only, the following class, to be known as the "Settlement Class:"

> All employees and/or prospective employees of Defendants within the United States who were the subject of a consumer report by Defendants anytime between and including October 24, 2017 and November 25, 2019, inclusive.

4. <u>Prerequisites for Class Action.</u> Solely for the purposes of settlement, the Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) are satisfied for the following reasons:

(a) The Settlement Class appears so numerous that joinder of all members is impracticable. The Settlement Class consists of approximately 68,181 members;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the settlement should be approved;

(c) The Class Representatives' claims for the alleged violations of the disclosure provisions of the Fair Credit Reporting Act appear to be typical of the claims of the Settlement Class; and

(d) The Class Representatives and Class Counsel appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed Settlement.

5. <u>Rule 23(b)(3) Class Action.</u> The Court finds, for settlement purposes, that this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because:

    (a)  Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class; and,

    (b)  Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class members.

  6.  <u>Notice of Class Action Settlement to the Settlement Class.</u> Pursuant to the Preliminary Approval Order and the Agreement, the Summary Notice was emailed and/or mailed to members of the Settlement Class. The Court finds that the form, content, and method for notifying the Settlement Class comply with the Preliminary Approval Order, meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and all due process requirements, is the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled to notice. The Court further finds that the Claims Administrator has complied with the Preliminary Approval Order and with the requirements of and procedures under the Agreement for distribution of the Notice to the Settlement Class.

  7.  <u>Notice Under CAFA.</u> The Claims Administrator served notices of the proposed settlement on the United States Attorney General and Attorneys General for the States in which Settlement Class Members reside pursuant to the Class Action Fairness Act ("CAFA") of 2005, 28 U.S.C. § 1715. The Court finds that the Claims Administrator's notification of the proposed Settlement fully complies with the requirements of CAFA.

  8.  <u>Exclusions.</u> Settlement Class Members were notified in the Settlement Notice of this class action settlement and of their opportunity to request to be excluded from, or to opt out of, the Settlement Class. 23 individuals, or approximately 0.03% of the Settlement Class, submitted timely written exclusion/opt-out statements to the Claims Administrator.

  9.  <u>Objections to Settlement.</u> Settlement Class Members were also notified in the Settlement Notice of their opportunity to object to the settlement by filing written objections with the Court. After considering all submissions, including the single objection submitted by Settlement Class

Member Adin Byron Kimball, the Court nevertheless grants final approval of the proposed Settlement and the Agreement as noted in paragraph 10 of this Order.

10. <u>Final Approval of Settlement and Agreement.</u> The Court grants final approval the proposed Settlement and the Agreement submitted with the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. The Court finds that settlement on the terms set forth in the Agreement is fair, reasonable, and adequate and that the Settlement is, in all respects, in the best interests of the Settlement Class. Factors considered to assess the fairness, reasonableness, and adequacy of a class action settlement warrant final approval of the Settlement and Agreement. The Court further finds that the Settlement set forth in the Agreement resulted from arm's-length negotiations. The Parties are ordered to consummate the Agreement in accordance with the terms and provisions of the Agreement.

11. Within five (5) days of the Final Effective Date as defined in of the Agreement, Plaintiffs will promptly request a dismissal with prejudice of *Jaci Hutto and Jennifer Melnyk v. Albertsons Companies, Inc., et al..,* Case No. 1:19-cv-00412-BLW, in the United States District Court for the District of Idaho, so that the final judgment in this Action will resolve all of their individual and class action claims.

12. <u>Payment to Settlement Class.</u> The Claims Administrator shall cause payment to be issued to Settlement Class Members who submitted valid Claim Forms pursuant to the terms for calculating Individual Settlement Payments set forth in Paragraph 40 the Agreement. The Claims Administrator shall either mail settlement checks to Settlement Class Members at their last known addresses via first class United States mail or send payments electronically as requested in the Claim Form submitted within twenty-one (21) calendar days of Defendants remitting the Gross Settlement Sum to the Claims Administrator as set forth in Paragraph 48(d) of the Agreement.

13. <u>Service Payment to Plaintiffs.</u> Plaintiffs have applied for awards of service payments as Class Representatives in the amount of $6,000.00 to each Class Representative (the "Service Awards"). Plaintiffs' requests for the Service Awards are granted in part as follows: $5,000.00 is awarded to each Class Representative. In accordance with the Agreement, the Claims Administrator shall make these Service

4

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:20-CV-07541-MMC

Awards payments to Class Representatives. The Service Awards shall be delivered to Class Counsel within twenty-one (21) calendar days after receipt of the Gross Settlement Sum.

14. <u>Attorneys' Fees to Class Counsel.</u> Class Counsel has applied for an award of attorneys' fees and costs incurred in this Action in the amount of $265,726.83. Class Counsel's request for attorney's fees and costs is granted. The Court awards $265,726.83 to Class Counsel for attorneys' fees and costs incurred in this Action. In accordance with the terms of the Agreement, the Claims Administrator shall make this payment to Class Counsel within twenty-one (21) calendar days of after receipt of the Gross Settlement Sum.

15. <u>Settlement Expenses.</u> The Court approved the use of American Legal Claims Services, LLC, as the Claims Administrator. The Court hereby approves fees and costs to be paid to the Claims Administrator in the amount of $50,000. In accordance with the Settlement Agreement, Settlement Expenses shall be paid from the Gross Settlement Sum.

16. <u>Release of Claims by Class Representatives.</u> By the Agreement, the General Release of All Claims as identified in Exhibit C to the Settlement, this Final Approval Order, and the Final Judgment, Named Plaintiffs "general release" is approved. Per the language in the separately executed General Release of All Claims, Named Plaintiffs release Defendants from all claims.

17. <u>Release of Claims by Settlement Class Members.</u> By the Agreement, this Final Approval Order, and the Final Judgment, the Settlement Class members who have not timely and properly opted out of the settlement have released the Released Parties from any and all claims asserted in an individual and/or class action, collective action or mass action, asserting any claims based on the facts alleged in the complaint in the Action including but not limited to claims under the FCRA or any state and local law equivalent, during the period from and including October 24, 2017, through and including the date of preliminary settlement approval. The Released Claims include claims under the FCRA and equivalent or corresponding state laws, including but not limited to all statutory, compensatory, actual and punitive damages, restitution, declaratory, injunctive and equitable relief, and attorneys' fees and expenses, arising from or related to background checks, investigative consumer reports, and/or consumer reports

ordered through the date of preliminary settlement approval, including the right to seek relief for such Released Claims by means of a class action, collective action or mass action or proceeding. Claims of persons outside of the Settlement Class who were screened after November 25, 2019 are not being released as part of this Settlement. It is expressly intended and understood by the Parties that the Agreement is to be construed as a complete settlement, accord, and satisfaction of the Settlement Class Members' Released Claims. No Settlement Class Member may circumvent the spirit and intent of the release by seeking to join in any way together with any other Settlement Class Members in any action whatsoever, including any mass action under CAFA or otherwise, that asserts such Released Claims.

18. <u>Dismissal of Action.</u> The Court dismisses with prejudice all Released Claims on behalf of the Settlement Class. The Court, pursuant to the General Release signed by Plaintiffs, also dismisses with prejudice Plaintiffs' individual disclosure and authorization claims and any and all of Plaintiffs' other claims, known or unknown, that were asserted, or could have been asserted, against Defendants.

19. <u>Binding Effect of Agreement, Order, and Judgment.</u> The Agreement, this Final Approval Order, and the Final Judgment are binding on Plaintiffs and on all Settlement Class Members who have not submitted a timely and valid written notice of intent to opt-out of the settlement, and their respective heirs, administrators, executors, representatives, trustees, successors, and assigns, and shall inure to the benefit of Defendants and the other Released Parties, as well as to their respective, heirs, administrators, representatives, trustees, successors, and assigns.

20. <u>*Cy Pres* Award</u>. The Court designates any *cy pres* award for the Employment Rights Project at Bet Tzedek Legal Services.

21. <u>Jurisdiction.</u> Without affecting the finality of the Final Judgment in any way, the Court retains jurisdiction of matters relating to this Order and the administration, interpretation, consummation, and enforcement of the Agreement.

//

//

1 **IT IS SO ORDERED, ADJUDGED AND DECREED.**

3 DATED: June 21, 2021

_____
The Honorable Maxine M. Chesney
United States District Judge