UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACI HUTTO and JENNIFER MELNYK, *individually and as representatives of the class*,<br><br>Plaintiffs,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC., ALBERTSON'S LLC, ALBERTSONS COMPANIES, LLC, NEW ALBERTSONS, L.P., ALBERTSONS STORES SUB HOLDINGS, LLC, AB ACQUISITION LLC, AB MANAGEMENT SERVICES CORP., AMERICAN FOOD AND DRUG LLC, INK HOLDINGS, LLC, and ALBERTSON'S HOLDINGS LLC,<br><br>Defendants. | Case No. 3:20-cv-07541-MMC<br><br>[PROPOSED] FINAL JUDGMENT |

The Court hereby enters final judgment as defined in Federal Rule of Civil Procedure 58(a) in this action as between Plaintiffs and Defendants. Pursuant to this Final Judgment:

1. The settlement of this class action on the terms set forth in the Parties' Class Action Settlement Agreement, with exhibits and any amendments thereto (collectively, the "Settlement Agreement" or "Agreement"), and definitions included therein, signed and filed with this Court on December 30, 2020, is finally approved.

2. The following class is granted final certification for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3): All current, former, and/or prospective employees of Defendants within the United States who were the subject of a consumer report by Defendants anytime between and including October 24, 2017 and November 25, 2019, inclusive. Excluded from the Settlement Class are (i) persons who timely and properly exclude themselves from the Settlement Class as provided in the Settlement Agreement; and (ii) the Court and Court staff, if any. "Defendants" means collectively (i) Albertsons Companies, Inc. and its past, present, and future parents, subsidiaries, affiliates, divisions, joint ventures, licensees, franchisees, and any other legal entities, whether foreign or domestic, that are owned or controlled by Albertsons Companies, Inc., including but not limited to Albertson's LLC, Albertsons Companies, LLC, New Albertsons L.P., Albertsons Stores Sub Holdings, LLC, AB Acquisition LLC, AB Management Services, Corp., American Food and Drug LLC, Ink Holdings, LLC, and Albertson's Holdings LLC, and (ii) the past, present, and future shareholders, officers, directors, members, agents, investors, including Cerberus Capital Management, L.P., employees, independent contractors, consultants, representatives, fiduciaries, insurers, attorneys, legal representatives, predecessors, successors, and assigns of the entities in Part (i) of this definition.

3. The Court finds that only those individuals listed in Exhibit A to the Declaration of Keith Salhab and filed with the Court, a copy of said Exhibit is attached hereto as Exhibit A, have submitted timely and valid requests for exclusion from the Class and are therefore not bound by this Final Judgment and accompanying Order Granting Motion for Final Approval of Class Action Settlement ("Final Approval Order"). All other members of the Settlement Class are bound by the terms

and conditions of the Settlement Agreement, this Final Judgment, and the accompanying Final Approval Order.

4. The dissemination of the Class Notice in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order, as described in the Declaration of Keith Salhab, (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated to apprise Settlement Class Members of the pendency of the Action, the terms of the settlement, and their rights under the settlement, including, but not limited to, their right to object to or exclude themselves from the proposed settlement and to appear at the Final Fairness Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. §1715, and the Due Process Clause(s) of the United States Constitution, as well as complied with the Northern District of California's Procedural Guidance for Class Action Settlements.

5. The claims in *Jaci Hutto and Jennifer Melnyk, individually and as representatives of the Class v. Albertsons Companies, Inc. et al*, Case No. 3:20-cv-07541-MMC (the "Action") are dismissed on the merits and with prejudice according to the terms (including the Release) set forth in the Settlement Agreement and in the Court's Final Approval Order, without costs to any party except as provided in the Final Approval Order.

6. All Settlement Class Members and/or their representatives, and all persons acting on their behalf (including but not limited to the Releasing Parties), who have not been timely excluded from the Settlement Class are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating (as class members or otherwise) in, or receiving any benefits from any other lawsuit (including putative class actions), arbitration, administrative, regulatory, or other proceeding in any jurisdiction that is covered by the Release. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

7. Class Counsel and Defendants shall take all steps necessary and appropriate to provide Settlement Class Members with the benefits to which they are entitled under the terms of the Settlement Agreement and pursuant to the Orders of the Court.

8. Class Counsel are awarded $265,726.83 in attorneys' fees and expenses, which amount is approved as fair and reasonable, pursuant to Fed. R. Civ. P. 23(h) and is in accordance with the terms of the Settlement Agreement.

9. The Class Representatives are each awarded five thousand dollars ($5,000) as a service award in their capacities as Class Representatives in the Action.

10. The Court approved the use of American Legal Claims Services as the Claims Administrator. In accordance with Paragraph 29 of the Settlement Agreement, the Claims Administrator is hereby awarded fees and costs in the amount of $50,000.00, to be paid from the Gross Settlement Sum as specified in the Settlement Agreement.

11. In the event that the Settlement Agreement by its terms becomes void or if, for any reason, the Final Effective Date of the Settlement Agreement does not occur, then this Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, the settlement class shall be decertified, any payments made by Defendants shall be returned, and all orders entered in connection with the Settlement Agreement shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

12. The Court will retain exclusive jurisdiction over the interpretation and implementation of the Settlement Agreement, as well as over any and all matters arising out of, or related to, the Settlement Agreement.

13. The objection to the settlement is without merit and is overruled.

//
//
//
//

**IT IS SO ORDERED.**

DATED: June 21, 2021

_____
The Honorable Maxine M. Chesney
United States District Judge